## APPLEWHITE *vs.* BALDWIN *et al.*

An injunction must be dissolved when the answers swear off all the equity of the bill.

In Equity, in Terrell County.   Decision by Judge PER-KINS, at Chambers, 26th January, 1860.

The plaintiff in error filed his bill in equity, alleging, that in the year 1856, John A. Freeman, deputy sheriff of said county, levied upon lot of land No. 120, in the 12th district of said county, as the property of the complainant to satisfy a *fi. fa.* for the principal sum of $100 00 against complainant in favor of Parsons & Evans; that Moses H. Baldwin bid off the lot on the day of sale for $36 00; that it was afterwards understood between complainant and Baldwin, that the latter would relinquish his bid to the former, provided complainant should pay up said *fi. fa.*, which complainant afterwards did; that Baldwin had never paid any part of his bid, nor received a deed from the sheriff for the lot; at the time of the sale the land was vacant, but since the agreement with Baldwin, complainant has entered on and occupied the lot for a considerable time with the knowledge of Baldwin, and continues in possession.   It is further stated, that the lot lies within one-fourth of a mile of Powers' Station, on the Southwestern Railroad, and of Brown's steam saw mills, and derives the greater part of its value from the fine timber on it; that said Baldwin, although he has often recognized said agreement, and knowing he had no title to the lot, and that complainant held it in his own right, entered into some arrangement with one Samuel Denton, who is interested in said steam saw mill, under which said Moses H. is cutting and carrying away the timber off of said land for the use of said mill, and is thus committing an irreparable injury, etc.

Complainant charges, that since said arrangement with Denton, Baldwin made application to said Freeman, who is now out of office, for a deed for said lot; that Freeman is about to execute a deed therefor, and date it as of the day of sale, etc.   Prayer for perpetual injunction.

The defendants answered severally:

Baldwin answered, admitting the sale and purchase by him as stated in the bill; but denies the agreement as to the transfer of his bid as charged, and says that he had no interest in the *fi. fa.* under which the land was sold; but that he had a *fi. fa.* of his own of older date under which he claimed the amount of his bid, to be entered as a credit thereon; and that said deputy sheriff had funds of his, Baldwin's, in hand for the payment of the amount of his bid; complainant knew he, defendant, had settled the amount thus due by him, as was shown by complainant's acts afterwards; no permission was given complainant to enter on the land after the sale; any acts of ownership exercised on his part were unknown to defendant; complainant knew that defendant, Baldwin, claimed the lot; it is denied that anything was said about antedating the sheriff's deed; since the sale, defendant, Baldwin, has sold the lot to said Denton; denies all fraud and confederacy.

The answer of Samuel Denton states, that Denton bought and paid for the land, supposing Baldwin had a good title; he denied that complainant was in possession, but says that one Watson was in possession, being put there by said Baldwin shortly after the sale, and had continued in possession ever since, until he, Denton, bought the land.

The answer of Freeman, former deputy sheriff, corroborates the statement of Baldwin in relation to the sale and the settlement by Baldwin, as stated, of the amount for which he bid off the land; Freeman also states that he supposed his successor in office had made a deed to Baldwin for the said lot.

On hearing the motion to dissolve the injunction, on the coming in of the answers, the complainant offered to read to the Court an affidavit of said Watson, in which Watson stated that he occupied said lot as the tenant of complainant for some years previous to the preceding Christmas, and had not held under any other person.

The Court rejected the affidavit, and complainant excepted.

The Court, after argument, passed an order dissolving the injunction, and complainant excepted.

........., for plaintiff in error.

Douglass & Douglass, *contra.*

Mason, Dickinson & Co. *vs.* Carhart, Brother & Co.

*By the Court.*—Stephens, J., delivering the opinion.

These answers most distinctly swear off all the possible equity in this bill, with the affidavit of Watson included, and the injunction was properly dissolved.